UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROGER JOHNSON,<br>d/b/a Mid-Coast Marine of Winterport,<br><br>Plaintiff<br><br>v.<br><br>PERELANDRA S/V, in rem,<br>ESTATE OF LARRY FLEMMING,<br>in personam,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>) 1:18-cv-00034-DBH<br>)<br>)<br>)<br>)<br>)<br>) |

## RECOMMENDED DECISION ON PLAINTIFF'S MOTION FOR INTERLOCUTORY SALE [1]

In this maritime action, governed by Rule 9(h) of the Federal Rules of Civil Procedure, and in part by Rule C of the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims, Plaintiff seeks to enforce a maritime lien for necessaries provided for the *S/V PERELANDRA* (O.N. 959451). [2]

---

[1] Magistrate judges, including in this District, have addressed motions for interlocutory sale as dispositive motions. *Schoninger v. M/V Three Olives*, O.N., No. 2:10-cv-00069-DBH, 2010 WL 1935855, at *1 n.1 (D. Me. May 10, 2010) (citing cases).

[2] To the extent Plaintiff has asserted in the fifth count of his complaint a claim in rem against the vessel, the proceedings are governed by Supplemental Rule C. Plaintiff's in rem claim is based on the provision of necessaries to the vessel, on the order of the vessel's owner, Larry Flemming. (Verified Complaint ¶¶ 6 – 10, 24 – 26.) When Plaintiff provided necessaries on the order of the owner, a maritime lien resulted under the Federal Maritime Lien Act, which lien Plaintiff is authorized to enforce by means of a civil action in rem. *See* 46 U.S.C. §§ 31341, 31342. To date, this matter has proceeded exclusively under Rule C, and the Estate has received notice of the proceeding exclusively based on the arrest of the vessel pursuant to warrant, publication of the Court's required notice of the arrest and pending litigation, and Plaintiff's provision of the warrant and notice by certified mail to the personal representative, addressed to the care of counsel for the Estate. On May 29, 2018, Plaintiff filed a notice of voluntary dismissal as to the in personam claim against the Estate of Larry Flemming. (ECF No. 16.)

The matter is before the Court on Plaintiff's Motion for Interlocutory Sale. (ECF No. 14.) Following review of the motion and after consideration of the relevant issues, I recommend the Court grant the motion.

**Factual and Procedural Background**

On January 2011, Larry Flemming purchased the subject vessel for $105,000. The bill of sale identifies Essex Credit Corp. as the mortgagee. (ECF No. 15-1, Ex. A.) On February 20, 2011, Larry Flemming died. (Affidavit as to Notice ¶ 4; *Daily News-Miner* obituary, ECF No. 15-3.) On or about March 21, 2011, the Estate of Larry Flemming was opened in Anchorage, Alaska, by Attorney Tonja Woelber, on behalf of Personal Representative Susan Kreiser, and evidently remains open at this time. (Affidavit as to Notice ¶ 5; Docket Sheet, ECF No. 15-4.)

Plaintiff commenced this action on January 23, 2018, with the filing of a verified complaint, a motion to appoint substitute custodian, a motion for issuance of warrant in rem, and a motion for order of notice. (ECF Nos. 1, 3, 4, 5.) On January 25, 2018, the Court granted Plaintiff's motions (a) to arrest the vessel on warrant (ECF No. 8), (b) to substitute Plaintiff as the custodian of the vessel upon arrest (ECF No. 7), and (c) to approve notice by publication in the *Bangor Daily News* within 21 days of the arrest, and by certified mail, return receipt requested, to parties known to have an interest in the vessel (i.e., the owner or master, any person with an undischarged recorded lien, and any mortgagee of an undischarged mortgage of record), within 14 days of the arrest. (ECF No. 9.) The Clerk issued the warrant (ECF No. 10), and the Marshals Service thereafter executed the warrant on February 15, 2018. (ECF No. 12.)

In support of the motion for interlocutory sale, Plaintiff filed two affidavits of his counsel, William H. Welte, Esq. (ECF Nos. 13, 15.) Through the first affidavit, counsel provided a "tear sheet" of the publication of the Court's notice in the *Bangor Daily News* on March 14, 2018.[3] (Affidavit as to Publication, ECF No. 13-1.) Through the second affidavit, counsel provided certified mail return receipts for mail sent to Essex Credit Corp. at its address in San Ramon, California (mortgagee of record) and to Susan Kreiser, Personal Representative of the Estate of Larry Flemming, care of Tonja Woelber, Esq., Woelber & Cole, at its office in Anchorage, Alaska. (Affidavit as to Notice, Ex. B, ECF No. 15-1.) Both return receipts were signed on February 23, 2018.

In the complaint, Plaintiff asserted a claim against the vessel for necessaries in the amount of $22,767.06, related to the storage of the vessel. (Verified Complaint ¶ 10.) Plaintiff charges $31 per foot per month for storage. (Affidavit of Roger Johnson ¶ 4, ECF No. 3-1.) Plaintiff has maintained custody of the vessel for approximately seventeen years. (*Id.* ¶ 6.) In May 2012, the Estate of Larry Fleming contracted with Plaintiff to "provide general maintenance" on the vessel. (Verified Complaint ¶ 6.)

## Discussion

Plaintiff has established its lien on the vessel pursuant to 46 U.S.C. §§ 31341 and 31342. The interlocutory sale of a vessel and its appurtenances may be ordered where one or more of the following justifications is established:

> (A) the attached or arrested property is perishable, or liable to deterioration, decay or injury by being detained in custody pending the action;

---

[3] Plaintiff evidently did not publish the notice within 21 days of the execution of the warrant. However, I can discern no prejudice resulting from delay in the publication.

(B) the expense of keeping the property is excessive or disproportionate; or

(C) there is an unreasonable delay in securing release of the property.

Fed. R. Civ. P. Supp. E(9)(a)(i). *Coastal Marine Mgmt. v. M/V Sea Hunter*, 274 F. Supp. 3d 6 (D. Mass. 2017). "The interlocutory sale of a vessel is not a deprivation of property but rather a necessary substitution of the proceeds of the sale, with all of the constitutional safeguards necessitated by the in rem process." *Cal. Yacht Marina—Chula Vista, LLC v. S/V OPILY*, No. 14-cv-01215, 2015 WL 1197540, at *2 (S.D. Cal. Mar. 16, 2015) (quoting *Ferrous Fin. Servs. Co. v. O/S Arctic Producer*, 567 F. Supp. 400, 401 (W.D. Wash. 1983)).

Plaintiff asserts that an interlocutory sale is appropriate in this case because the expenses of the arrest are continuing and the vessel is subject to deterioration and waste. (Motion at 3 – 4.) Additionally, Plaintiff requests that he be permitted to bid at the sale "up to the amount of its indebtedness without outlay of funds." (*Id.* at 5, ¶ 7.)

Plaintiff's request for an interlocutory sale is reasonable. None of the interested parties to whom notice was provided have filed a verified statement of right or interest as required by Supplemental Rule C(6), filed an answer to the complaint, or otherwise appeared in the matter. Plaintiff's claim, therefore, is at this time uncontested. In addition, the extent of the alleged debt already constitutes a significant portion of the original purchase price of the vessel, and is increasing as storage and maintenance fees continue to

accrue.  Under the circumstances, there appears to be no reasonable basis to delay the sale with the attendant increase in expenses and potential deterioration of the vessel. [4]

Plaintiff's request for authorization to bid by credit is also reasonable.  With a credit bid, Plaintiff could bid the amount of its maritime lien, and, if successful, would not be required to deposit funds with the Court.  Given that Plaintiff's claim is the only maritime lien asserted in this action, on this record, Plaintiff's lien appears to be the senior lien.  Plaintiff, however, should be required to attest to the amount of the secured indebtedness in an affidavit served on all other interested parties prior to the date of the sale.  *See*, *e.g.*, *Cal. Yacht Marina – Chula Vista*, *LLC v. S/V Opily*, 2015 WL 1197540, at *4 – 5 (S.D. Cal. Mar. 16, 2015).  Plaintiff would be entitled to bid the amount of the lien set forth in the verified complaint, plus actual and demonstrable costs of suit accruing through the date of the auction, including the Marshal fees, substitute custodian fees, and other *custodial*

---

[4] "Title 46 U.S.C. § 31326(a) provides that when a vessel is sold pursuant to order of the district court in a civil action to enforce a maritime lien, any claim in the vessel which existed on the date of the sale is terminated so that the vessel is sold free of all liens.  With certain exceptions, the terminated claims continue in existence, in the same amounts and with the same priorities, against the proceeds of the sale.  46 U.S.C. § 31326(b)." *Beyel Bros.*, *Inc. v. Barge 35*, 2014 WL 4385582, at *7 (M.D. Fla. Sept. 4, 2014).  The Estate and the mortgagee of record have had notice of the action since at least February 23, 2018.  To date, neither has demonstrated any interest in securing release of the vessel.  Courts have held that where there has not been any effort to secure the release of a vessel within four months of its arrest, interlocutory sale would be justified based on "unreasonable delay in securing release of the property."  Fed. R. Civ. P. Supp. E(9)(a)(i)(C).  *Schoninger v. M/V Three Olives*, No. 2:10-cv-00069-DBH, 2010 WL 1935855, at *3 (D. Me. May 10, 2010) (recommended decision, collecting cases); *Coastal Marine Mgmt.*, 274 F. Supp. 3d 6 (citing *Bank of Rio Vista v. Vessel Captain Pete*, 2004 WL 2330704, at *2 (N.D. Cal. Oct. 14, 2004)); *Yasi v. M/V Horizon's Edge*, 2014 WL 8484913, at *4 (D. Mass. Sept. 2, 2014) (citing *Louisiana Int'l Marine*, *L.L.C. v. Drilling Rig Atlas Century*, *C.A.*, 2011 WL 7637219, at *3 (S.D. Tex. Nov. 21, 2011), *adopted* 2012 WL 1067239, at *2 (S.D. Tex. Mar. 27, 2012)).  Given the schedule for filing objections to this Recommended Decision, the Court could conceivably have additional grounds upon which to order the sale.

*legis* expenses, costs to insure the vessel, prejudgment interest, and fees paid to the Court, but not including attorney's fees. *Id.* at *6.[5]

**Conclusion**

Based on the foregoing analysis, I recommend the Court grant Plaintiff's Motion for Interlocutory Sale. (ECF No. 14.) I further recommend the Court find and order:

1. Prior to the notice by publication, Plaintiff to file an affidavit that informs the Court of the proper calculation of his credit bid.

2. Prior to completion of notice by publication, Plaintiff shall serve a copy of affidavit upon the Estate of Larry Fleming and Essex Credit Corp.

3. Unless an interested party appears in the case, an appraisal prior to sale is not required.[6]

4. An order for interlocutory sale be issued in substantially the form attached hereto as Exhibit A.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant

---

[5] If Essex Credit Corp. had presented the Court with a claim arising from its mortgage interest in the vessel, it might have been reasonable to require Plaintiff to post a bond in the amount of its secured claim. *See, e.g., Yasi v. M/V Horizon's Edge*, 2014 WL 8484913, at *5 (D. Mass. Sept. 2, 2014). Here, however, Essex Credit has not presented any claim, and in the absence of a claim, there is no evident benefit to denying Plaintiff's request to credit bid, particularly if the denial of permission to credit bid or the requirement to post a bond might prevent Plaintiff from bidding or cause Plaintiff to reduce the amount of the bid. *See id.*

[6] "It is common practice to order an independent, confidential appraisal" prior to an interlocutory sale in order to assist the Court when it comes time to determine if the sale should be confirmed. *Gowen, Inc. v. F/V Quality One*, No. 99-cv-00371, 2000 WL 893402, at *4 (D. Me. June 14, 2000), *aff'd*, 244 F.3d 64 (1st Cir. 2001). *See also Me. Nat'l Bank v. F/V Explorer*, 663 F. Supp. 462, 470 (D. Me. 1987), *aff'd*, 833 F.2d 375 (1st Cir. 1987); *Coastal Marine Mgmt.*, 274 F. Supp. 3d 6 (D. Mass. 2017). Here, however, no other party has asserted an interest in the vessel. Therefore, an appraisal may not be necessary unless an objection is raised that requires further proceedings to confirm the sale.

to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 1st day of June, 2018.

Exhibit A

# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| ROGER JOHNSON,<br>d/b/a Mid-Coast Marine of Winterport,<br><br>Plaintiff<br><br>v.<br><br>PERELANDRA S/V, in rem,<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:18-cv-00034-DBH |

**ORDER**

Upon Motion for Interlocutory Sale of the vessel *S/V PERELANDRA* (O.N. 959451), proof of notice by certified mail upon the owner and mortgagee of record in compliance with 46 U.S.C. § 31325(d), and proof of publication of notice of the vessel's arrest in a newspaper of general circulation within this jurisdiction, and no claimants having appeared other than Plaintiff, and neither the owner nor any other parties in interest or claimants having filed an answer or claim contesting Plaintiff's claims or liens on the vessel, it is hereby ordered:

1. That an interlocutory sale of the vessel shall be held pursuant to Admiralty Rule (E)(9);

2. That the U.S. Marshal be and hereby is directed and empowered to sell the *S/V PERELANDRA*, her engines, equipment, and appurtenances, including all right, title and interest to any valid fishing permits to the extent permitted by applicable law, as is, where is, at public sale, conducted in a commercially reasonable fashion, after having caused notice of the said sale to be published in the Bangor Daily News for four successive days, in accordance with the ordinary procedures of the Marshal's office for conducting such a sale;

3. The said notice shall set forth the time and place where the sale will be conducted;

4. The notice will inform prospective bidders that they may, on request directed to William Welte, Esq., and at such times and in such manner as he may direct, inspect the vessel at Mid-Coast Marine, in Winterport, Maine, with due notice to the substitute custodian;

5. The notice will state that the sale will be to the highest and best bidder;

6. The notice will inform prospective bidders that Plaintiff Roger Johnson, d/b/a/ Mid-Coast Marine, is permitted to credit bid at the sale and will disclose the amount of the maximum credit bid.

7. Plaintiff Roger Johnson, d/b/a Mid-Coast Marine, may place a credit bid at the public sale, up to the amount of the lien, plus actual and demonstrable costs of suit accruing through the date of the auction, including the Marshal fees, substitute custodian fees, and other custodial legis expenses, costs to insure the vessel, prejudgment interest, and fees paid to the Court, but not including attorney's fees;

8. Any interested person may object to the sale by filing a written objection within three (3) business days following the date of auction and the Marshal's acceptance of the successful bid. Any objection shall be served on all parties of record, the successful bidder and the United States Marshal. Anyone filing an objection is required to deposit with the United States Marshals Service a sum that is sufficient to pay the expense of maintaining the ship for at least seven (7) days.

9. The sale shall be confirmed by Order of this Court, and as a matter of course, unless an objection is filed within three (3) business days following the sale. In the event of a timely objection, the Court shall hold a hearing on the confirmation of the sale.

10. If an objection to the sale is sustained, sums deposited by the successful bidder will be returned forthwith. The sum deposited by the objecting party will be applied to pay the fees and expenses incurred by the Marshal in keeping the property until it is resold, and any remaining balance shall be returned to the objector. The objecting party will be reimbursed for the expense of keeping the vessel from the proceeds of the subsequent sale.

Dated: _____
                                              United States District Judge