UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ROGER JOHNSON,<br>d/b/a Mid-Coast Marine of Winterport, | )<br>)<br>) | |
| Plaintiff | )<br>) | |
| v. | )<br>) | 1:18-cv-00034-DBH |
| PERELANDRA S/V, in rem, | )<br>)<br>) | |
| Defendant | ) | |

**ORDER**

Upon Motion for Interlocutory Sale of the vessel *S/V PERELANDRA* (O.N. 959451), proof of notice by certified mail upon the owner and mortgagee of record in compliance with 46 U.S.C. § 31325(d), and proof of publication of notice of the vessel's arrest in a newspaper of general circulation within this jurisdiction, and no claimants having appeared other than Plaintiff, and neither the owner nor any other parties in interest or claimants having filed an answer or claim contesting Plaintiff's claims or liens on the vessel, it is hereby ordered:

1. That an interlocutory sale of the vessel shall be held pursuant to Admiralty Rule (E)(9);

2. That the U.S. Marshal be and hereby is directed and empowered to sell the *S/V PERELANDRA*, her engines, equipment, and appurtenances, including all right, title and interest to any valid fishing permits to the extent permitted by applicable law, as is, where is, at public sale, conducted in a commercially reasonable fashion, after having caused notice of the said sale to be published in the Bangor Daily News for four successive days, in accordance with the ordinary procedures of the Marshal's office for conducting such a sale;

3. The said notice shall set forth the time and place where the sale will be conducted;

4. The notice will inform prospective bidders that they may, on request directed to William Welte, Esq., and at such times and in such manner as he may direct, inspect the vessel at Mid-Coast Marine, in Winterport, Maine, with due notice to the substitute custodian;

5. The notice will state that the sale will be to the highest and best bidder;

6. The notice will inform prospective bidders that Plaintiff Roger Johnson, d/b/a/ Mid-Coast Marine, is permitted to credit bid at the sale and will disclose the amount of the maximum credit bid.

7. Plaintiff Roger Johnson, d/b/a Mid-Coast Marine, may place a credit bid at the public sale, up to the amount of the lien, plus actual and demonstrable costs of suit accruing through the date of the auction, including the Marshal fees, substitute custodian fees, and other custodial legis expenses, costs to insure the vessel, prejudgment interest, and fees paid to the Court, but not including attorney's fees;

8. Any interested person may object to the sale by filing a written objection within three (3) business days following the date of auction and the Marshal's acceptance of the successful bid. Any objection shall be served on all parties of record, the successful bidder and the United States Marshal. Anyone filing an objection is required to deposit with the United States Marshals Service a sum that is sufficient to pay the expense of maintaining the ship for at least seven (7) days.

9. The sale shall be confirmed by Order of this Court, and as a matter of course, unless an objection is filed within three (3) business days following the sale. In the event of a timely objection, the Court shall hold a hearing on the confirmation of the sale.

10. If an objection to the sale is sustained, sums deposited by the successful bidder will be returned forthwith. The sum deposited by the objecting party will be applied to pay the fees and expenses incurred by the Marshal in keeping the property until it is resold, and any remaining balance shall be returned to the objector. The objecting party will be reimbursed for the expense of keeping the vessel from the proceeds of the subsequent sale.

Dated: June 22, 2018         /s/ D. Brock Hornby
                             United States District Judge